UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM C. WHITE on behalf of GLADYS E. WHITE,,<br><br>    Plaintiff,<br><br>    v.<br><br>ABILITY INSURANCE COMPANY, a Nebraska corporation,<br><br>    Defendant. | CASE NO. C11-5737 RJB<br><br>ORDER RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff's motion for a protective order preventing Defendant from deposing Gladys E. White. Dkt. 16. Defendant objects to the entry of a protective order. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

This is an action for bad faith denial of insurance coverage and the handling of Gladys White's claim for long-term care insurance benefits. Dkt. 1. The motion and supporting documentation indicate that Ms. White is an 88 year-old individual who currently lives in a

nursing facility and suffers from severe cognitive impairment. Dkt. 17 pp. 4, 12. Testimony from the nursing care facility personnel and Ms. White's physician indicates that she is incompetent and unable to provide testimony given her severe memory deficits. Dkt. 19 pp. 1-2. Further evidence indicates that Ms. White's testimony is unnecessary for a proper defense of this litigation. Plaintiff asserts that Ms. White was not involved in the claims submission process at issue and all necessary information to defend this action is available from other sources. See Dkt. 1 pp. 2-4; Dkt. 16 pp. 2; Dkt. 14.

Defendant responds with medical testimony that diagnosis of dementia or memory loss does not prevent a person from answering questions truthfully or accurately. Dkt. 22 pp. 1-3. Defendant's medical testimony further asserts that there is insufficient medical evidence to establish or provide an accurate assessment of Ms. White's ability to accurately answer questions or to relate facts. *Id*.

Defendant noted a videotaped deposition of Ms White to occur on April 23, 2012. Dkt. 17 pp. 6-7. Plaintiff's counsel responded to this request reminding Defendant that Ms. White suffers from severe cognitive difficulties and dementia. Dkt. 17 pp. 12. As an effort at compromise, Plaintiff's counsel offered an informal interview with Ms. White. *Id*. Plaintiff also offered to make Ms. White's children, her caregiver, and her physician available for deposition in order to obviate the need for Ms. White's deposition or at least narrow the issues to be resolved regarding this deposition. Dkt. 17 pp. 17-18. Defendant was not agreeable to these proposals and insisted on deposing Ms. White first and setting her deposition for April 23, 2012. Dkt. 17 pp. 14-15, 17. Defendant suggested Plaintiff seek a protective order, should Plaintiff deem it necessary. *Id.*

This motion followed.

**PROTECTIVE ORDERS**

Fed. R. Civ. P. 26(c), "Protective Orders," provides as follows:

> **(1) In General**. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
> **(B)** specifying terms, including time and place, for the disclosure or discovery;
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> **(E)** designating the persons who may be present while the discovery is conducted;
> **(F)** requiring that a deposition be sealed and opened only on court order;
> **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Plaintiff has established "good cause" for the issuance of a limited protective order. Plaintiff has presented evidence that Ms. White's dementia may inhibit her ability to sit for a deposition. Defendant is entitled to depose Ms. White under the following conditions. Ms. White's children, caregiver, and physician are entitled to be present during the course of the deposition. The deposition shall take place at a time and location convenient for Ms. White.

**CONCLUSION**

Therefore, it is herby **ORDERED**:

Plaintiff's Motion for Protective Order (Dkt. 16) is **GRANTED in PART**. Defendant is entitled to conduct the deposition of Ms. White under the condition that her children, caregiver,

and physician are entitled to attend the deposition at a time and location convenient for Ms. White.

Dated this 20th day of April, 2012.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER RE PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER- 4