UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM C. WHITE on behalf of GLADYS E. WHITE,, <br><br>Plaintiff, <br><br>v. <br><br>ABILITY INSURANCE COMPANY, a Nebraska corporation,, <br><br>Defendant. | CASE NO. C11-5737 RJB <br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Ability Insurance Company's (Ability) Motion for Reconsideration. Dkt. 38. Ability asserts that the Court resolved issues of disputed facts and requests reconsideration of the Court's order regarding breach of insurance contact, bad faith, consumer protection action, and alleged violations of the Insurance Fair Conduct Act (IFCA). *Id.* at p. 2. Specifically, Ability contends that there are genuine issues of material fact as to whether Plaintiff established that the insured Gladys White suffered a cognitive impairment or loss of functional capacity upon reinstatement of the policy. *Id*. pp. 3-6.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

As detailed in this Court's Order, when Ms. Silvernail first learned in September, 2009, that her mother's policy had been terminated due to a lapse in payments, she contacted Ability and informed their representative that Gladys White was cognitively impaired and requested reinstatement.  The Ability representative informed Ms. Silvernail that she could send documentation and that the department that handles the reinstatement would have to review and determine if the contract was eligible for reinstatement.  On September 30, 2009, Ms. Silvernail mailed documentation to Ability referencing Gladys White's dementia and cognitive problems.  Subsequent to this transmittal of the documentation of cognitive impairment, Ability continued to justify denial of reinstatement on the basis of the purported lapse of the reinstatement period.  It was not until over a year later on November 1, 2010, that Ability asserted for the first time that Ms Silvernail had not adequately given proof of Gladys White's cognitive impairment or loss of functional capacity.  These material facts are not in dispute.

As stated in the Court's Order, "Ability had the obligation to act in good faith in its communications with Gladys White's designee and failed to do so. Ability cannot wait until the reinstatement period has terminated before asserting that Ms. Silvernail failed to provide adequate documentation of cognitive impairment or loss of functional capacity." Dkt. 36 pp 16-17.  See *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wash.2d 55, 63 (2000); *Bosko v. Pitts & Still, Inc.,* 75 Wash.2d 856, 864 (1969)(When an insurer denies coverage for one reason, with knowledge of other reasons for denying coverage, the insurer may be precluded from raising new grounds for denying coverage under traditional principles of estoppel.)

There are no material issues of material fact that warrant reconsideration of the Order granting of summary judgment for Plaintiff on the causes of action for breach of insurance

1 contact, bad faith, violation of the Consumer Protection Act, and violations of the Insurance Fair
2 Conduct Act.
3     Defendant has not persuaded this Court that it committed "manifest error." Defendant
4 has not made the requisite showing for reconsideration under CR 7(h)(1).
5     Therefore, it is hereby **ORDERED** that:
6     Defendant's Motion for Reconsideration (Dkt. 38) is **DENIED**.
7     Dated this 20th day of June, 2012.

*[signature]*

ROBERT J. BRYAN
United States District Judge